## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JAMES ROBERT LOWE
ADC #144285                                                                                         PETITIONER

VS.                                       5:12CV00344 JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                                    RESPONDENT

### ORDER

In this § 2254 habeas case, Petitioner attacks his November 2, 2009 conviction for possession of drug paraphernalia. On August 15, 2014, Petitioner filed a Motion requesting leave to amend his Petition.[1] *Doc. 24*.

Petitioner seeks to add new habeas claims that collaterally attack his December 16, 1996 conviction for first-degree sexual abuse. As to the December 16, 1996 sexual abuse conviction, he argues that: (1) it violated the Arkansas Speedy Trial Act; and (2) his lawyer provided ineffective assistance of counsel when he advised him to plead guilty despite the alleged speedy-trial violation. Although Petitioner has flattened his sentence from the December 16, 1996 sexual

---

[1] As a general rule, leave to amend "shall be freely given when justice so requires," *see* Fed. Civ. P. 15(a). However, the Court may disallow amendment for various reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Moore-El v. Luebbers*, 446 F.3d 890, 901-902 (8th Cir. 2006) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

abuse conviction, he argues that the conviction was used to enhance his sentence, as a habitual offender, in the November 2, 2009 drug paraphernalia conviction.

Petitioner's proposed amendment is futile. The United States Supreme Court has held that where a prior state court conviction and sentence has expired, but is later used to enhance a sentence in a subsequent state court conviction, a habeas petitioner cannot collaterally attack the expired conviction and sentence in a § 2554 case challenging the current conviction and sentence. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401–02 (2001). Thus, his Motion for Leave to Amend will be denied.

Petitioner has also filed a "Motion to Clarify" (*doc. 20*) requesting reconsideration of the Court's September 9, 2013 Order denying his requested discovery, and a renewed Motion for Appointment of Counsel (*doc. 21*). Those Motions will denied for the same reasons stated in the Court's earlier Orders (*docs. 5 and 19*) denying those same requests.

IT IS THEREFORE ORDERED THAT Petitioner's Motion to Clarify (*doc. 20*), Motion for Appointment of Counsel (*doc. 21*), and Motion for Leave to Amend (*doc. 24*) are DENIED.

Dated this 12th day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE